UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MERWIN PARRA PARGAS,

Petitioner,

v.

JEREMY CASEY, Facility administrator at the Imperial Regional Detention Facility; *et al.*,

Respondents.

Case No.: 26-cv-6299-BJC-AHG

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**(ECF No. 1)**

On November 4, 2026, Petitioner Merwin Parra Pargas filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. ECF No. 1. On November 5, 2026, the Court issued a briefing schedule. ECF No. 2. Respondents responded to the Petition on November 12, 2026. ECF No. 5. Petitioner did not file a traverse. For the reasons set forth below, the Court **GRANTS** the Petition (ECF No. 1) and **ORDERS** Petitioner's immediate release.

## I. BACKGROUND

Petitioner is a native of Venezuela. ECF No. 1 at ¶ 2. He entered the United States on June 12, 2024, and was released by the Department of Homeland Security ("DHS") on parole. *Id.* ¶¶ 2, 9. On June 24, 2025, Petitioner submitted an asylum application to the United States Citizenship and Immigration Service ("USCIS"). *Id.* ¶¶ 2, 10. Petitioner's

asylum application remains pending with USCIS. *Id.*

On November 2, 2026, Petitioner was apprehended in front of his home in Indio, California and taken into custody. *Id.* ¶ 13. He did not receive notice of termination of his parole status, nor was he provided the opportunity for a hearing on whether he is a danger or a flight risk. *Id.* ¶ 14. Petitioner alleges that has no criminal history and poses no risk to public safety or national security. *Id.* ¶ 12. Petitioner has remained in custody since November 2, 2026. *Id.* at 19.

In the Response, Respondents state that that "Petitioner was previously released from immigration custody on parole issued under 8 U.S.C. § 1182(d)(5)" and it "is the government's position that Petitioner is subject to mandatory detention under § 1225(b)(2)." ECF No. 5 at 2. Respondents do not cite any change in circumstance since Petitioner was originally released from custody in June 2024. *See generally id.* Without elaborating, Respondents contend that "*Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), is inapplicable to Petitioner." *Id.* Finally, Respondents state that "the government does not oppose the petition and defers to the Court on the appropriate relief." *Id.* at 3.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

## III. DISCUSSION

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life,

liberty, or property, without due process of law[.]" U.S. Const. Amend. V. This right extends to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 681 (2001); *see, e.g.*, *Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings.") (citation omitted). Accordingly, once a noncitizen has "passed through our gates," they "may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law" occur. *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953). Due Process proceedings generally "require[] some kind of hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original); *see also Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process").

Respondents do not contest that Petitioner "passed through [the] gates" on June 12, 2024, when he received parole and then entered the United States. ECF No. 1 at ¶ 2, 9; ECF No. 5 at 2. Nonetheless, Respondents, in a footnote, quote language from § 1182(d)(5)(A), the statute under which Petitioner was granted parole, for support that Petitioner's detention is proper under 8 U.S.C. § 1225 because his parole is only "temporar[y]," "not regarded as an admission," and subject to termination "when the purposes of such parole . . . have been served[.]" ECF No. 5 at 2, n.1. The Court disagrees.

The law is clear that noncitizens already in the interior of the United States are subject to 8 U.S.C. § 1226—not 8 U.S.C. § 1225. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) (Section 1226 "applies to [noncitizens] already present in the United States"); *see also Rodriguez Vasquez v. Bostock*, 183 F.4th 1160, 1172 (9th Cir. 2026) (concluding that "§ 1225(b)(2)(A) . . . is best construed as applying to [noncitizens] entering the United States at the border," whereas "Section 1226, by contrast, is best understood as governing inadmissible and deportable [noncitizens] present in the interior of the United States"). This includes applicants granted humanitarian parole under § 1182(d)(5)(A). *See, e.g.*,

*Maurice v. Mullin*, 2026 WL 3270023, at *2 (S.D. Cal. Oct. 30, 2026) (finding that, "while a noncitizen may not be deemed admitted in the United States pursuant to § 1182(d)(5)(A), the noncitizen is not necessarily subject to mandatory detention") (citing *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025)).

Here, the government's decision to release Petitioner from custody on parole created, at that time, "'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [he] fail[s] to live up to the . . . conditions [of release].'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). Petitioner relied upon this promise for over two years. *See* ECF No. 1 at ¶ 29. During this time, Petitioner's liberty interest has only strengthened, "crystaliz[ing] into a substantial private interest" that entitles him to due process. *Valera Chuquillanqui v. Kaiser*, 2025 WL 4110424, at *7 (N.D. Cal. Oct. 2, 2025); *see also Noori*, 807 F. Supp. 3d at 1164 (finding petitioner who had been granted parole was "not an 'arriving' noncitizen but one that has [been] present in our country for over a year" and that "[t]his substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal"). Despite this interest, Petitioner was arrested and detained by ICE officers without any indication that his parole was revoked and without any notice or an opportunity to be heard. *See* ECF No. 1 ¶ 14. Respondents do not address the circumstances of Petitioner's re-detention.[1] *See generally* ECF No. 5.

Petitioner contends that Respondents violated his due process rights by detaining

---

[1] The Court notes that, "to meet statutory and regulatory requirements, revocation should only occur when (1) the parole's purpose is served or (2) when humanitarian reasons and public benefit are no longer warranted, and the noncitizen is provided written notice." *Noori*, 807 F. Supp. 3d at 1167 (emphasis in original) (citing *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144–46 (D. Or. 2025)); *see also* 8 C.F.R. § 212.5(e). Simply put, to properly revoke humanitarian parole, Petitioner is "entitled to notice of the reasons for revocation of his parole and a hearing before an immigration judge to determine whether detention is warranted"—i.e., due process—prior to termination. *Perez v. LaRose*, 2025 WL 3171742, at *4 (S.D. Cal. Nov. 13, 2025). Respondents fail to demonstrate that any of the conditions under 8 C.F.R. § 212.5(e) occurred, or that Petitioner received any process before his parole was revoked. Based on Respondents' briefing, the Court, therefore, has no reason to find that Petitioner's parole was revoked or otherwise terminated, or that Petitioner's detention should be subject to § 1225 instead of § 1226.

him without due process and requests immediate release. ECF No. 1 ¶¶ 17–32. Respondents do not dispute Petitioner's due process claim or his requested relief. ECF No. 5 at 3 ("[T]he government does not oppose the petition and defers to the Court on the appropriate relief."). The Court finds that Petitioner's due process rights were violated when he was detained without notice or an opportunity to be heard.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus. ECF No. 1. Accordingly, the Court **ORDERS** as follows:

1. Respondents must immediately release Petitioner from custody, subject to the same terms and conditions on which he was previously released in June 2024.

2. Respondents are **ENJOINED AND RESTRAINED** from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show materially changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. *See Maria S.M. v. Chestnut*, No. 26-CV-03777-TLN-AC, 2026 WL 1480390, at *4.

3. As this concludes the litigation in this case, the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

Dated: November 23, 2026

Honorable Benjamin J. Cheeks
United States District Judge